## Case No. 5,887.

HACKER v. STEVENS et al.

[4 McLean. 535.] [1]

Circuit Court. D. Indiana. May Term. 1849.

GARNISHEE—LIS PENDENS.

1. A garnishee summoned who owes a sum of money, for which his note was given to the absent or absconding debtor. creates a lien in his hands to the amount of the sum due, and the promisee can not afterwards assign such note.

2. If an assignment of the note be made to an individual who had notice, it will not affect the rights of the attaching creditor.

3. This proceeding having been had in the state of Pennsylvania. will be regarded as a legal procedure, by the courts of the United States, sitting in any other state.

4. And the attachment being still pending, and also the proceeding against the garnishee, will be good ground for a plea in abatement. if an action be commenced against the promiser, in any other state.

[Cited in Pratt v. Burr. Case No. 11.373.]

5. From the time the garnishee was summoned, he is amenable to the process. and lia-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ble to pay the debt to the plaintiff in the attachment.

[Cited in Bryan v. Duncan, 19 D. C. 380.]

[This was an action at law by William E. Hacker against Stevens and Berryhill. See Case No. 5,888.]

Mr. Stevens, for plaintiff.
Smith & Yanders, for defendants.

OPINION OF THE COURT. This suit is brought on defendants' note to Hacker, Brother & Co., for $896.96, which note was assigned to the plaintiff by the payee, 18th of October, 1848, and was then unpaid. The defendants pleaded that before the assignment was made and before suit on the note was brought, on 2d December, 1848, Charles Willing commenced an action in the district court of Philadelphia against Alfred W. Hacker, Henry M. Hacker, et al., by issuing a summons which was duly served on defendants, and that on the 23d of December, 1848, the court ordered judgment to be entered for want of an affidavit of defense for $2,507.18, and costs. That an execution was issued which was returned nulla bona. That on the 6th of March, 1849, an attachment sur judgment, in the county aforesaid, and that the defendants should be summoned as garnishees. Service was duly accepted by the attorney of the defendants. Sheriff attached Berryhill, one of defendants, by copy, etc., 8th March, 1849. In answer to interrogatories, Berryhill stated that when the attachment was served, defendants owed Hacker, Brother & Co. $896.96, for which amount they gave the note now sued on. That they received no notice of the transfer of said note until that day, 3d April, 1849, they were informed of the fact by one of the partners of Hacker, Brother & Co. That they had no other property or rights of the said firm in their hands. Jurisdiction of the Philadelphia court is averred, and that the suit is still pending, and that they are still defendants as garnishees. And they aver that the assignment of the note to the plaintiff was not made until service of process upon them as aforesaid, however the same may be indorsed on said note, and that the said note is the same on which they are sued in this action.

The plaintiff demurs to the plea specially: (1) Because the plea is argumentative, and not an averment of facts. (2) The whole plea is a mere statement of evidence, to prove facts, and not simple, direct averment of facts. (3) And otherwise, the whole, taken as it stands, is insufficient in law to quash said writ and declaration. The plaintiff joined in demurrer. On the part of the plaintiff it is contended that the state of Indiana has no laws authorizing any such proceedings. That the attachment is not in the name of the plaintiff in this action, nor was he a party to the proceeding. And it is argued that an attachment only becomes a suit pending on service upon the party defendant. That if nothing be found on which to lay the attachment, there can be no lis pendens. A suit pending, which abates a subsequent suit, must be between the same parties.

The facts might have been more succinctly averred in the plea, but we think it is not bad, as the facts are necessarily stated from which to draw the conclusion of law. A service on the garnishee creates a lien upon the debt in his hands, which makes him responsible to the plaintiff in attachment. By no act of his, after such service, can he, by paying the note, or by assuming to pay it to another person, exonerate himself from this responsibility. If this note had been assigned before the attachment was laid, no lien could have been raised, as the right would not have been in the payee; but the averment of the plea is, that the attachment was served before the assignment, and that fact is admitted by the demurrer.

The plaintiff in this case appears to be one of the firm to whom the note was originally given, and the facts authorize the presumption that the assignment was made to defeat the attachment. If the assignee had been a stranger, the argument of the plaintiff's counsel. that there was no notice of the attachment lien, when the note was assigned, would have been stronger. But even in such a case, we suppose that the lien would have been sustainable. The fact is admitted by the pleadings that the note was transferred, after the garnishee was summoned. The pendency of the suit against him, is notice to the holder of the paper, and any subsequent attempt, by a transfer of the note, to avoid the garnishment, is a fraud upon the plaintiff in the attachment; and finding the note in the hands of one of the late firm, or one of the same name, can not, as the facts are now before us, defeat the proceeding against the garnishee. It is immaterial whether there be a similar law in Indiana, under which this proceeding was had in Pennsylvania, or not. It is enough to know that it is the law of Pennsylvania. Upon the whole, the demurrer to the plea is overruled.